SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**STEVEN CHAMBERLIN, TXSB #24095296**
Assistant United States Attorney
steven.chamberlin@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
Telephone: (503) 727-1000
Attorneys for the United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:25-cr-00061-IM** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **HERBERT STREETER,** | |
| **Defendant.** | |

The United States and the defendant jointly recommend a sentence of five years imprisonment, followed by three years of supervised release. The joint sentencing recommendation appropriately balances the aggravated facts and the defendant's significant criminal history against the defendant's age and significant health issues.   As such, the joint recommendation of 5 years imprisonment is a sentence sufficient, but not greater than necessary.

I.      **FACTUAL SUMMARY**

On February 10, 2025, Multnomah County Sheriff's officers executed a drug distribution search warrant at the defendant's residence on NE 84th Avenue in Portland, Oregon. PSR ¶ 17. The defendant immediately confessed. *Id.* He admitted that his drug dealing, "has gotten out of

**Government's Sentencing Memorandum**                                                          **Page  1**

hand" and that he sold cocaine and fentanyl to people in the neighborhood. *Id.*   He pointed out

to the deputies that he stored his drugs in a vintage Coca-Cola vending machine. PSR ¶ 18.

Deputies opened the machine and located a large amount of money, distribution amounts of

cocaine and fentanyl, body armor and six firearms, including a drum magazine. PSR ¶ 19.

Pictures of the seizures are below.

 

///

///

///

///

///

///

///

///



After the deputies located the firearms, they asked the defendant about the possession of the firearms. He admitted all the firearms were his and that he needed the guns for protection because he was recently robbed of drugs and money. PSR ¶ 20.

## II.    GUIDELINES

The USSG do not apply in a conviction for 18 U.S.C. § 924(c) and the sentence is simply the mandatory minimum sentence of 5 years imprisonment. PSR ¶ 25.

## III.    DEFENDANT'S CRIMINAL HISTORY

| Date | Location | Charges | Sentence | CH Points |
|------|----------|---------|----------|-----------|
| 9/26/2016 | Clackamas County | Conspiracy to Delivery Controlled Substances | 46 months imprisonment | +3 |
| 5/6/2015 | Multnomah County | Strangulation | 60 days imprisonment | +2 |
| 3/27/2015 | Multnomah County | PCS Heroin | 60 days imprisonment | 0 |
| 12/20/2012 | Multnomah County | Delivery of Heroin | 14 months imprisonment | +3 |
| 8/31/1990 | Multnomah County | DWS | 6 months imprisonment | 0 |
| 7/18/1983 | Multnomah County | Escape 2 | 2 years imprisonment | 0 |

| 4/4/1982 | Multnomah County | Habitual Traffic Offender | 1 year imprisonment | 0 |
| 6/12/1981 | Multnomah County | Forgery 1 | 5 years imprisonment | 0 |
| 4/8/1981 | Multnomah County | Obstructing Investigation | 5 years imprisonment | 0 |

The defendant scores eight criminal history points, which gives him a Criminal History Category IV. PSR ¶ 41.

The PSR raises the possibility the defendant may be subject to the Career Offender Enhancement under USSG § 4B1.1. PSR ¶ 40. Prior to making a plea offer in this case, defense counsel and the United States discussed the applicability of the Career Offender Enhancement and whether Oregon's definition of conspiracy applies. Defense counsel cited a relatively recent Ninth Circuit case that analyzed Washington's definition of conspiracy. *United States v. Brown*, 879 F.3d 1041 (9th Cir. 2018). The United States chose to not litigate whether Oregon's definition is overbroad under *Brown*, but the decision is related to the facts and circumstances of this specific case. The decision to not litigate the *Brown* issue in this case should in no way be considered that the United States is agreeing or acquiescing to the defendant's position in any other case.

## IV.   PRETRIAL PERFORMANCE

The defendant struggled on pretrial release and was given far too many chances before his release was finally revoked. He went through several detention hearings where the defendant appeared to not take the release conditions seriously.

### a.   Third Detention Hearing – May 21, 2025

On May 6, 2025, the United States was notified that a few days prior, Portland Police officers during the course of a drug investigation came across incriminating text messages with

**Government's Sentencing Memorandum**                                    **Page 4**

the defendant. The United States requested and received photos of the text messages showing the defendant appeared to be distributing fentanyl while on pretrial release. The defendant's name in the contacts was "H-Streets", and the phone number was the number Pretrial Services used to contact the defendant. On May 2, 2025, the defendant sent two photographs of what appears to be individual packaged baggies of fentanyl. With the photographs, the defendant wrote, "I'm ready to get started" and "I got a gram of fetty for you." Based on the photographs and the language, the defendant was distributing drugs while on pretrial supervision.



The defendant then feigned an illness to avoid coming to court where it was likely he would be detained. Finally, the Marshals arrested the defendant, and he has remained incarcerated since.

**Government's Sentencing Memorandum**                                    **Page 5**

## V.    <u>SENTENCING RECOMMENDATION</u>

The defendant is 71 years old and has not demonstrated a willingness to address his longstanding drug addiction, which he supports by selling narcotics. Although statistics indicate that most offenders tend to age out of criminal behavior, the defendant has already shown that he is an exception. His age combined with continued drug use has contributed to his poor health. Without substantial changes to his drug use and drug dealing, the defendant is likely to either die while incarcerated or suffer a fatal overdose in the community. More concerning is that if he resumes drug dealing as his history suggests he will, he will continue to be a danger to his community by distributing dangerous substances to others.

The parties have entered into a plea agreement in which the defendant pled guilty to a violation of 18 U.S.C. § 924(c), carrying a mandatory minimum sentence of five years of imprisonment followed by three years of supervised release. This sentence is sufficient but not greater than necessary considering all relevant circumstances, including the defendant's conduct, criminal history, age, and health.

Dated: July 21, 2026                                    Respectfully submitted,

                                                        SCOTT E. BRADFORD
                                                        United States Attorney

                                                        */s/ Steven Chamberlin*
                                                        STEVEN CHAMBERLIN, TXSB #24095296
                                                        Assistant United States Attorney