Per C. Olson, OSB #933863
HOEVET OLSON, PC
1000 SW Broadway, Suite 1740
Portland, Oregon  97205
Telephone:  (503) 228-0497
Facsimile:  (503) 228-7112
Email:  per@hoevetlaw.com
        Of Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> HERBERT LEE STREETER, <br><br> Defendant. | Case No. 3:25-CR-00061-IM <br><br> DEFENDANT'S SENTENCING MEMORANDUM |

Defendant, Herbert Lee Streeter, through his attorney Per C. Olson, hereby

submits this sentencing memorandum.  Sentencing is scheduled for Monday, July 27,

2026, before Honorable Karin J. Immergut.

The parties jointly recommend a five-year sentence for the offense of possession

of a firearm in furtherance of a drug trafficking crime.  Information about Mr. Streeter's

background and life history is accurately laid out in the presentence report (PSR) and in

the Confidential Supplement to the PSR filed under seal.

The PSR recommends that the Court follow the parties' recommendation and

impose a five-year sentence.  However, the PSR also states that probation would

consider defendant's prior Oregon state convictions for conspiracy to distribute

controlled substances as predicate controlled substance offenses under the guidelines'

Page 1 – DEFENDANT'S SENTENCING MEMORANDUM

Career Offender provision.  The PSR points to the Sentencing Commission's 2023 amendment to the guidelines that broadened the definition of "controlled substances offense" to include inchoate versions of felony drug trafficking crimes.  (See Addendum to PSR).

However, the 2023 change to the definition of controlled substance offense does not render Mr. Streeter's Oregon conspiracy convictions predicate controlled substance offenses.  The argument is not that an inchoate offense cannot be a controlled substance offense.  Rather, Mr. Streeter's specific *Oregon* convictions for conspiracy are not predicate controlled offenses because an Oregon conspiracy is broader than generic federal conspiracy.  It is overbroad because, unlike generic conspiracy, an Oregon conspiracy occurs when a government informant or undercover agent is the sole co-conspirator.  *United States v. Brown,* 879 F.3d 1043, 1047-48 (9th Cir. 2018).  In *Brown*, the Court held that a Washington state conspiracy conviction was not a categorical match for a controlled substance offense because the Washington crime could occur when the only alleged coconspirator is an agent or informant.  *Ibid*.  Oregon's conspiracy is the same.  ORS 161.475(1)(b); *State v. Bryant*, 94 Or App 236, n2 (1988).

*United States v. Brown* is binding authority, and Oregon's conspiracy law is materially indistinguishable from that of Washington. The parties' agreement that Mr. Streeter is not a career offender is consistent with that authority.

DATED this 22nd day of July, 2026.

HOEVET OLSON, PC

*s/  Per C. Olson*
Per C. Olson, OSB #933863
Of Attorneys for Defendant

Page 2 – DEFENDANT'S SENTENCING MEMORANDUM